**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4642**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

TRINIDAD DIAZ-MARTINEZ,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:18-cr-00097-REP-1)

Submitted:  May 29, 2020          Decided:  June 9, 2020

Before MOTZ and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Laura J. Koenig, Assistant Federal Public Defender, Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, S. David Schiller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Trinidad Diaz-Martinez pled guilty to illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a) (2018). Diaz-Martinez agreed to plead guilty to the charge but reserved the right to appeal the district court's order denying his motion to dismiss the indictment. We affirm.

"In a criminal proceeding for illegal reentry, the existence of a removal order usually is enough to meet the government's burden of establishing the defendant's prior removal or deportation." *United States v. Cortez*, 930 F.3d 350, 356 (4th Cir. 2019). Pursuant to 8 U.S.C. § 1326(d) (2018), titled "Limitation on collateral attack on underlying deportation order," a defendant charged with illegal reentry may challenge the validity of the underlying removal order by showing that (1) "any administrative remedies that may have been available to seek relief against the order" were exhausted, (2) the deportation proceedings "improperly deprived the alien of the opportunity for judicial review," and (3) "the entry of the order was fundamentally unfair." § 1326(d). A defendant must satisfy all three requirements in order to prevail. *United States v. El Shami*, 434 F.3d 659, 663 (4th Cir. 2005). On a motion to dismiss an indictment under 8 U.S.C. § 1326(d), we review the district court's factual findings for clear error and the court's legal conclusions de novo. *United States v. Hosford*, 843 F.3d 161, 163 (4th Cir. 2016).

We see no clear error in the district court's findings that the evidence fell short of showing a reasonable probability that Diaz-Martinez would have requested voluntary departure and the immigration judge would have granted the request as a matter of

2

discretion. Thus, Diaz-Martinez failed to show that entry of the in absentia order of removal was fundamentally unfair.

We further conclude that Diaz-Martinez failed to show that the immigration judge lacked authority to enter the in absentia order of removal due to a supposed defect in the notice to appear. *See Cortez*, 930 F.3d at 361-66. We also conclude that an in absentia order of removal is not invalid if the notice to appear did not include the time and place for the removal proceeding. *See Mejia v. Barr*, 952 F.3d 255, 261 (5th Cir. 2020) (stating that "nothing in [8 U.S.C.] § 1229a(b)(5)(A) [(2018)] suggests it carries jurisdictional consequences").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*